*Ellis G. Kinkead* and *H. Kenneth Rogers,* for defendant.

---

### PEST HOUSES OUTSIDE MUNICIPAL LIMITS.

[Circuit Court of Mahoning County.]

TRUSTEES OF YOUNGSTOWN TOWNSHIP ET AL V. CITY OF YOUNGS-
TOWN ET AL.

Decided, October, 1903.

*Pest-House—Distinguished from Permanent Quarantine Establish-
ment—Located Near Public Road and School House—Not a Nui-
sance, When—Erection of New Building may be Enjoined, When
—Specific Acts when a Menace to the Community may be Abated.*

1. A small-pox hospital, established under 72 O. L., 77, as long ago as 1878, by a municipality, within the township but outside of its own corporate limits, at a distance of 250 feet back from a public highway, will not be abated as a nuisance, although a large township school house has since been erected on the highway opposite hospital lot, and dwellings have also been built adjacent thereto.
2. But the erection of an additional building directly opposite the school house, and within fifty feet of the highway upon which the hospital lot abuts, will be enjoined as a public nuisance where the purpose is to use said building for hospital purposes.
3. Such specific acts as the throwing of refuse from the table and kitchen of the hospital at such points in the open as to be accessible to the dogs and cats of the neighborhood, and the permitting of nurses and convalescents to walk upon the highway opposite the school house, may be restrained as a public nuisance.

LAUBIE, J.; COOK, J., and BURROWS, J., concur.

Appeal from court of common pleas.

This case is brought for the purpose of abating an alleged nuisance—a pest-house—which the city of Youngstown established outside of the municipality and within the limits of the township; and in addition thereto plaintiff asks for an injunction to restrain the city and its board from erecting upon the premises in question an additional pest-house.

So far as the first proposition is concerned, it appears from the evidence that the city obtained this lot and building for a pest-house, or small-pox hospital, and not as a mere quarantine, and established the same and obtained the deed therefor in 1878. At that time the statute of the state (act of March 23, 1875, 72 O. L., 77) authorized municipalities to establish pest-houses either inside or outside of the limits of the municipality without any restrictions whatever. Counsel for defendants called our attention to a subsequent act that placed some restrictions upon the power of a municipality. But as that act does not relate to pest-houses or small-pox hospitals, but only to permanent quarantine establishments, we think it has no application to this case.

This property was obtained for the purpose stated, and the pest-house is nearly 300 feet back from the highway and was established before the neighborhood was in anywise thickly populated, and before the location of the school-house that was erected by the township on the opposite side of the road. It is immaterial whether the township trustees had actual notice of this or not. They were bound to take notice of it, and therefore must be considered as having erected their school-house with notice that on the opposite side of the road, on the lot referred to, the city had established a pesthouse, authorized by law, and they can not, at this late day, ask to have that pest-house abolished as a nuisance.

The fact that refuse of table and kitchen was deposited where dogs and cats of the neighborhood could reach it, and that nurses and convalescents were permitted to promenade such highway occasionally, would not be ground sufficient to authorize the abatement of the pest-house itself as a nuisance, as such

acts could be restrained by injunction, upon proper application.

This does not, however, deprive the plaintiffs of the right to have the city enjoined from erecting the building which it threatens now to locate upon the lot.

By the answer of the defendants, they claim a right to build this addition or separate building, and allege that they are going to do it, and erect it within fifty feet of the highway directly opposite to the school-house in question, where the school children of this township attend school.

So far as this proposition is concerned we think that it would be highly dangerous to the neighborhood and to the people living in the township and the children attending school at this place, to permit this building to be erected so near to this highway and the school-house in question.

We look at this as a separate and distinct proposition from the first, wherein the plaintiffs seek to prevent the city from using the old building at the rear end of the lot for the purpose specified. We say that while the plaintiffs can not have the pest-house as maintained in the old building abolished as a nuisance, yet it would be an insufferable nuisance to permit the city to erect a building for the purpose designated, within fifty feet of a very extensively traveled highway and much nearer such school-house and dwellings which have been erected during the years when the pest-house was not maintained, and for these reasons the injunction, so far as the erection of this building is concerned, is granted, and the order made as asked for in the petition.

We think because the city did obtain the present building and establish therein and maintained, whenever required, a pest-house or hospital for small-pox patients, that this did not give the city a right to erect on the same lands another building for a pest-house so near the highway as to be dangerous to the public, against the protest of the township trustees.

The order, therefore, will be that the city shall be enjoined from attempting in any way to erect a building on the site proposed, and the order will be made, as I have said, in conformity with the prayer of the petition in this respect, and at the cost of the city of Youngstown.